IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUSTICE MAYES SMITH,
                    Plaintiff,

v.                                                          Civil Action No. 3:24cv580

4037 LAMPLIGHTER DR, LLC, et al.,
                    Defendants.

## **OPINION**

Justice Mayes Smith, the *pro se* plaintiff, filed this case against various defendants[1] for actions they took when she failed to pay her rent on time. She alleges that the defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that all defendants except the Marston Agency violated the Virginia Consumer Protection Act ("VCPA"). Because Smith proceeds *in forma pauperis*, the Court has conducted an initial review of the merits of Smith's claims under 28 U.S.C. 1915(e)(2) and will dismiss many of her FDCPA claims for failure to state a claim. *See* 28 U.S.C. 1915(e)(2)(B)(ii). The Court, however, will allow four of Smith's potentially viable FDCPA claims to proceed: (1) Smith's 15 U.S.C. § 1692g(a) claim against Levco asserted in ¶ 52 of the revised second amended complaint; (2) Smith's 15 U.S.C. § 1692e(10) claim against Levco asserted in ¶ 57(h) of the revised second amended complaint; (3) Smith's 15 U.S.C. § 1692g(a) claim asserted in ¶ 51 of the revised second amended complaint against the Solodar Firm, Lenora Solodar, and David Solodar; and (4) Smith's 15 U.S.C.

---

[1] Specifically, Smith has sued seven entities and individuals involved in the debt collection process and subsequent unlawful detainer case against her: 4037 Lamplighter Dr, LLC, ("Lamplighter Dr."); 405 Chatham Heights MPO, LLC, ("Chatham Heights"); The Marston Agency, Inc. ("the Marston Agency"); Solodar & Solodar ("the Solodar Firm"); Lenora H. Solodar, Esq., ("Lenora Solodar"); David Solodar, Esq., ("David Solodar"); and Levco Management, LLC ("Levco").

§ 1692e(10) claim asserted in ¶ 57(l) of the revised second amended complaint against the Solodar Firm, Lenora Solodar, and David Solodar.  Those defendants must file a responsive pleading to Smith's remaining FDCPA claims, and may only address those allegations asserted in those paragraphs of her revised second amended complaint.  Additionally, because Smith does not state a claim under the VCPA as to any defendant, the Court will dismiss Smith's VCPA claims in their entirety.  And, because no remaining claims exist against Lamplighter Dr., Chatham Heights, and the Martson Agency, the Court will dismiss those three defendants from the case.

## I. BACKGROUND[2]

On April 8, 2024, Smith signed a lease to rent an apartment from Lamplighter Dr. and Chatham Heights. (ECF No. 30 ¶ 12.)  The lease lists Levco as the property management company. (*Id.* ¶ 13.)  Smith insists that, "[a]t the time of entering this lease, no one provided meaningful disclosures of the terms, clauses, or other provisions listed in the lease for [her] to be informed." (*Id.* ¶ 14.)  On July 1, 2024, Smith failed to pay rent for July, as stipulated in the lease. (*See id.*

---

[2] In determining whether Smith's revised second amended complaint sufficiently states a claim, the Court considers both her factual allegations within that complaint as well as the exhibits attached to her previous proposed second amended complaint, (ECF No. 27).  Though the revised second amended complaint serves as the operative complaint in this matter and Smith failed to attach any exhibits to that complaint, Smith refers to and relies on the exhibits she previously attached to the proposed second amended complaint to support the assertions in her revised second amended complaint.  She also filed an additional document after filing her revised second amended complaint, stating that "[a]ll exhibits filed on November 12, 2024 [are] referenced in the revised second amended complaint." (ECF No. 31.)  In the interest of justice, the Court will consider the exhibits from the proposed second amended complaint that Smith refers to in the revised second amended complaint, which include her lease, (ECF No. 27-2, at 19–29), the summons of the unlawful detainer action, (ECF No. 27-2, at 9–10, 13–14), Smith's notice of dispute of the debt, (ECF No. 27-2, at 11), notices from Kama Stone of Lamplighter Dr., (ECF No. 27-2, at 16, 32), and the Solodar Firm, (ECF No. 27-2, at 15), a letter from Lenora Solodar to Smith, (ECF No. 27-2, at 17), and Smith's resident ledger, (ECF No. 27-2, at 18).  Wherever Smith's factual allegations in her revised second amended complaint conflict with the exhibits that she refers to from her proposed second amended complaint, the exhibit prevails. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

¶ 19; ECF No. 27-2, at 19.) From July 2 through July 10, 2024, Smith left Virginia to visit family for the Fourth of July holiday. (*Id.* ¶ 16.) On July 8, 2024, while Smith was out of town, Kama Stone, a representative of Levco, delivered a notice for failure to pay rent. (ECF No. 27-2, at 16; *see* ECF No. 30 ¶¶ 57(h), 57(n).) The notice stated that Smith failed to pay rent and warned her that, if she did not pay rent, late fees, and all other charges due within five days of the notice, Lamplighter Dr. would terminate her lease and "pursue all rights and remedies," including "the filing of an eviction lawsuit." (ECF No. 27-2, at 16.)

On July 19, 2024, Smith logged into her payment portal and saw $62 in court costs and $150 in attorneys' fees added to her account. (ECF No. 30 ¶¶ 17, 19.) She e-mailed Lamplighter Dr. and Chatham Heights to tell them that she "was confused about the fees and did not receive any notice of an action being filed." (*Id.* ¶ 17.) The next day, July 20, 2024, Smith paid her July rent and "the only obligations [she] was aware of at that time, leaving an alleged debt of $62 in court cost[s], and $150 in attorney fees." (*Id.* ¶¶ 19, 23.) On July 21, 2024, Smith saw that no one had removed the court costs and attorney fees from her account, and she contacted Levco to remove those fees. (*Id.* ¶ 21.)

On July 24, 2024, Lamplighter Dr. and Chatham Heights, through their attorneys, the Solodar Firm, filed an unlawful detainer against Smith for unpaid rent, late fees, utilities, court costs, and attorneys' fees. (*Id.* ¶ 27; ECF No. 27-2, at 9–10, 13–14.) On July 28, 2024, Smith received unspecified communications about the debt through the mail. (ECF No. 30 ¶ 28.) She then sent the Solodar Firm a notice of dispute on July 29, 2024, asking it to verify "proof of ownership of the alleged [debt]" and to produce "affidavit of fact of [] ownership of the alleged debt," the names of the individuals who gave the Solodar Firm consent to file the action, a copy of the lease, and copies of the required legal notices that it stated it had given Smith. (ECF No.

3

27-2, at 11; *see* ECF No. 30 ¶ 29.)  The Solodar Firm did not receive Smith's notice of dispute until August 1, 2024. (ECF No. 30 ¶ 29.)  On July 31, 2024, a process server from the Marston Agency posted the unlawful detainer summons on Smith's door, along with a notice of the debt from the Solodar Firm, which "caused [Smith] to feel embarrassed." (ECF No. 30 ¶¶ 31, 36; ECF No. 27-2, at 13–14, 15.)

In August, Smith "did not make a payment to the alleged rental obligation," believing that federal law required her debt collector to stop pursuing a debt until Smith had obtained verification of the debt. (ECF No. 30 ¶ 32.)  On August 8, 2024, Levco e-mailed Smith a notice of default for August rent. (ECF No. 27-2, at 31–32.)  On August 14, 2024, Smith appeared at Chesterfield County General District Court (the "General District Court") for the unlawful detainer hearing. (ECF No. 30 ¶ 33; *see* ECF No. 27-2, 13–14.)  Lenora Solodar represented Lamplighter Dr. and Chatham Heights. (ECF No. 30 ¶ 34.)  The General District Court scheduled a contested hearing for October 2, 2024.  (*See id.* ¶ 37.)  On September 3, 2024, Smith received a letter from Lenora Solodar dated August 30, 2024, which enclosed documentation of the debt, including the lease and addenda; a July 19, 2024 resident ledger; and notices of debt, including the July 8, 2024 notice from Kama Stone and a notice from the Solodar Firm that it originally sent to Smith when it mailed her a copy of the lawsuit. (*Id.* ¶ 36; ECF No. 27-2, at 17.)

On October 2, 2024, Smith appeared *pro se* at the contested unlawful detainer hearing, and David Solodar appeared on behalf of Lamplighter Dr. and Chatham Heights. (ECF No. 30 ¶ 37.)  At the hearing, David Solodar provided Smith another copy of the documents Lenora Solodar had mailed to Smith on August 30, 2024. (*Id.* ¶ 37.)  He also called an employee from Levco as a witness to testify to the debt, which Smith felt David Solodar did to "coerce payment of the alleged obligation from [Smith's] consumer transaction [that the witness] was not present for." (*Id.* ¶ 38.)

The General District Court granted the unlawful detainer.  (*Id.* ¶ 57(e).)  Smith asserts that these actions amounted to "willful abuse and illegal debt collection of all [d]efendant(s)" that caused Smith to "suffer[] . . . emotional distress, heart palpitations, loss of time, loss of sleep[,] and oppression." (*Id.* ¶ 40.)

## II. <u>STANDARD OF REVIEW</u>

For an action filed *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In determining "whether an [*in forma pauperis*] complaint fails to state a claim on which relief may be granted, courts conduct a similar analysis to that used when considering a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Gordon v. Day*, No. 3:23cv739, 2024 WL 4045452, at \*2 (E.D. Va. Sept. 4, 2024) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering the motion, the Court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, a "document filed *pro se* is 'to be liberally construed'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly present to them." *Id. at* 1276. In other words, *pro se* complaints do "not require [] courts to conjure up questions never squarely presented to them. District judges are not mind readers." *Id.* at 1277.

### III. DISCUSSION

#### A. FDCPA Claims

"To state a claim pursuant to the FDCPA, a plaintiff must plausibly allege that (1) the plaintiff has been the object of collection activity arising from consumer  debt;  (2)  the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Raja v. Specialized Loan Servicing, LLC*, No. 1:23cv736, 2024 WL 1201603, at *4 (E.D. Va. Mar. 20, 2024) (citing *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)). The Court will address each of these elements in turn.

##### 1. Collection Activity

The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Smith states in her revised second amended complaint that she is a consumer and that renting her apartment constituted a consumer transaction. (*See* ECF No. 30 ¶ 1.) She brought this

action due to repeated debt collection attempts against her by some of the defendants regarding her untimely rent payment.  Smith, therefore, plausibly alleges the first element of her FDCPA claims.

### 2. Debt Collectors

The second element of an FDCPA claim requires that each of the defendants acted as a debt collector as defined in the FDCPA.  That statute defines a debt collector as "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 582 U.S. 79 (2017) (emphasis in the original); *see* 15 U.S.C. § 1692a(6).  Only some of the defendants Smith has sued qualify as debt collectors under the FDCPA.

First, the Marston Agency does not satisfy the definition of "debt collector."  Section 1692a(6)(D) specifically excludes from the definition of a debt collector any person "serving or attempting to serve legal process . . . in connection with the judicial enforcement of any debt." Smith has sued the Marston Agency for their actions as the process server, which falls squarely under that exclusion.  Smith, therefore, cannot sue the Marston Agency under the FDCPA.  And, because Smith only brings FDCPA claims against the Marston Agency, the Court will dismiss the Marston Agency as a defendant in this case.

Second, Lamplighter Dr. and Chatham Heights, the owners of the property that Smith rented, qualify as creditors, not debt collectors. *See Henson*, 817 F.3d at 135–36 ("A creditor . . . is a person to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector"); *see* 15 U.S.C. §§ 1692a(4), (6) (separating a creditor from a debt collector).  A creditor can become a debt collector for purposes of the FDCPA when

it, "in the process of collecting [its] own debts, uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." *See* 15 U.S.C. § 1692a(6). This exception governs instances where a creditor "attempt[s] to intimidate debtors by creating the false impression that a third party is participating in the debt collection process." *Washington v. CitiMortgage, Inc.*, No. 3:10cv887, 2011 WL 1871228, at *13 (E.D. Va. May 16, 2011); *see Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (holding that a creditor could act as a debt collector when it "[1] uses a name that falsely implies that a third party is involved in collecting its debts; (2) the creditor pretends to be someone else; or (3) the creditor uses a pseudonym or alias").

Smith seems to allege that, by hiring the Solodar Firm and its attorneys, Lamplighter Dr. and Chatham Heights acted deceptively, and therefore qualify as debt collectors. (*See* ECF No. 30 ¶ 57.) But simply hiring attorneys does not qualify as pretending to act as a third-party creditor to coerce Smith into payment. *See Vincent*, 736 F.3d at 98. Lamplighter Dr. and Chatham Heights, therefore, do not qualify as debt collectors under the FDCPA, and the Court will dismiss the FDCPA claims against them.

As for Levco, the property management company for Lamplighter Dr. and Chatham Heights, property management companies typically do not qualify as a debt collector when they collect a debt not in default on behalf of another. *See* 15 U.S.C. § 1692a(6)(F)(iii); *Fontell v. Hassett*, 574 F. App'x 278, 279 (4th Cir. 2014). Here, however, Smith seems to indicate that Levco attempted to collect the July rent payment, late fees, and other fees when Smith was in default. For the purpose of this initial review, the Court will assume without deciding that Levco was a debt collector.

8

With respect to the Solodar Firm and its attorneys, Smith has adequately alleged that the Solodar Firm, Lenora Solodar, and David Solodar are debt collectors who regularly collect debts owed to another.  (*See* ECF No. 30 ¶¶ 5–7, 57(c).)  Indeed, Lenora Solodar sent Smith a letter on August 30, 2024, stating that the Solodar Firm is a debt collector.  (ECF No. 27-2, at 17.)

\* \* \*

In sum, because Lamplighter Dr., Chatham Heights, and the Marston Agency are not debt collectors, the Court will dismiss Smith's FDCPA claims against them and will not analyze those claims further.  The Court will next consider whether Smith plausibly alleges that Levco, the Solodar Firm, Lenora Solodar, or David Solodar violated the FDCPA.

### 3. *Violations of the FDCPA*

The third element of an FDCPA claim requires that the debt collectors defendants violated a provision of the FDCPA.  Smith alleges that the defendants violated more than twenty different provisions and subsections of the FDCPA within her revised second amended complaint.[3]  Smith, however, has failed to plausibly plead that the remaining debt collector defendants, the Solodar Firm, Lenora Solodar, David Solodar, and Levco, violated many of these provisions.  As explained below, the Court will dismiss all of Smith's FDCPA claims against Levco, the Solodar Firm, Lenora Solodar, and David Solodar, with the exception of four claims: (1) Smith's 15 U.S.C.

_____

[3] Throughout her revised second amended complaint, Smith alleges that various defendants violated 15 U.S.C. §§ 1692b(1)(2), 1692c(a), 1692c(c), 1692f, 1692g(a), 1692g(b), 1692i, 1692j(a), 1692e(2)(a), 1692e(2)(b), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(13), and 1692e(14).  She brings claims against the debt collector defendants under some, but not all, of these provisions.  As explained above, the Court will limit its analysis to only those provisions Smith contends the debt collector defendants violated.  It will not analyze any alleged violations by the non-debt-collector defendants because she cannot sue those defendants under the FDCPA.  Further, Smith alleges that the defendants violated 15 U.S.C. §§ 1692(a), 1692g(a)(d), 1692d(1)(3), 1692d(2), none of which exist.  The Court, therefore, cannot analyze Smith's claims under those nonexistent provisions and will dismiss those claims with prejudice.

§ 1692g(a) claim against Levco asserted in ¶ 52 of the revised second amended complaint; (2) Smith's 15 U.S.C. § 1692e(10) claim against Levco asserted in ¶ 57(h) of the revised second amended complaint; (3) Smith's 15 U.S.C. § 1692g(a) claim asserted in ¶ 51 of the revised second amended complaint against the Solodar Firm, Lenora Solodar, and David Solodar; and (4) Smith's 15 U.S.C. § 1692e(10) claim asserted in ¶ 57(l) of the revised second amended complaint against the Solodar Firm, Lenora Solodar, and David Solodar.

### a. 15 U.S.C. § 1692a

First, Smith alleges that the defendants' "abusive, deceptive, and unfair collection practices . . . contributed to an invasion of [her] right to privacy." (ECF No. 30 ¶ 44.) Smith cites 15 U.S.C. § 1692(a) in support, a provision of § 1692 that does not exist. Given her *pro se* status, however, the Court will construe Smith's allegations as a claim under § 1692a, which merely states statutory definitions, not a cause of action upon which Smith can sue. The Court, therefore, must dismiss the claims based on either § 1692a or § 1692(a) because they fail to state a cause of action.

### b. 15 U.S.C. § 1692b

Next, Smith alleges that the defendants violated § 1692b(1), (2) by obtaining her information from one another, failing to "identify themselves when communicating with [her] about the debts," and telling her that she owed a debt. (*Id.* ¶ 45.) But § 1692b outlines procedures for when a debt collector communicates with "any person other than the consumer for the purpose of acquiring location information about the consumer." 15 U.S.C. § 1692b. To the extent the defendants communicated with Smith herself, § 1692b cannot support her claims. Additionally, the statute does not prevent the defendants from sharing Smith's contact information with each other. *See id.* The Court, therefore, will dismiss her claims under this provision.

10

### c. 15 U.S.C. § 1692c

Smith next alleges that § 1692c(a) prohibits the defendants from contacting her at all without her prior written consent. Section 1692c(a) does not prohibit debt collectors from contacting Smith without her prior written consent—it merely places limits on when communications can occur. *See* 15 U.S.C. § 1692c(a). Smith additionally does not allege that the defendants violated this provision by engaging in communications either during prohibited times or in a prohibited way. *See id.* The Court, accordingly, dismisses Smith's claims under § 1692c.

### d. 15 U.S.C. § 1692d

Smith also asserts that the defendants violated § 1692d(1)–(3). Section 1692d states that debt collectors "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. It lists examples of such abusive conduct, including: (1) using or threating to use violence to harm someone's person, property, or reputation, § 1692d(1); (2) using "obscene or profane language . . . to abuse the hearer or reader," § 1692d(2); and (3) publishing a list of consumers who refuse to pay their debts, § 1692d(3). Smith does not list any specific instances of any abusive, oppressive, or harassing behavior within her revised second amended complaint. Instead, Smith essentially alleges that the means that the defendants used to collect on the debt, including sending her communications about the debt, filing the unlawful detainer action, and participating in the legal proceedings, amounted to abusive and harassing behavior that caused her "physical person" to suffer "bodily harm in the form of emotional distress." (ECF No. 30 ¶ 47.) But the actions taken by the defendants reflected typical actions that a creditor or debt collector would take to collect on a debt, not abusive practices that threaten violence against the consumer or use obscene language.

11

Nor has she alleged that any of the defendants published her name on a list of consumers who refused to pay their debts. Accordingly, the Court will dismiss those claims.

### e. 15 U.S.C. § 1692f

Section § 1692f prohibits debt collectors from using "unconscionable means to collect" a debt. 15 U.S.C. § 1692f. An example of such unconscionable means includes collecting any amount unless authorized by the agreement that creates the debt. *See id.* § 1692f(1). Smith here alleges that the defendants did not "provide a written agreement showing an express authorization" for court costs and attorneys' fees. But the lease agreement that Smith filed with the Court does authorize collection of such court costs and attorneys' fees connected to breach of the lease. (*See* ECF No. 27-2, at 24, section G.) Not only did Smith receive a copy of the lease as the lessee of the apartment, the Solodar Firm also sent her a copy of the lease. (*See* ECF No. 30 ¶ 36.) The written agreement, therefore, authorizes those fees, and the defendants did not act unconscionably by seeking those fees. Thus, the Court will dismiss her claims under § 1692f.

### f. 15 U.S.C. § 1692g(b)

If a consumer tells the debt collector that she disputes the debt, the debt collector "shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Smith asserts that "[a]ll [d]efendant(s)" violated § 1692g(b). (ECF No. 30 ¶ 53.) But she does not specifically allege how any of the defendants violated § 1692g(b) by continuing collection of the debt. Rather, in the provision where Smith cites violations of § 1692g(b), she states that all defendants "failed to meet their burden to obtain verification of the alleged debt or a judgment for the fees that appeared to have been awarded as of July 19, 2024," that all "failed to

provide verification of all charges, fees, and interest listed in their civil action and affidavit," and that they "also failed to obtain verification of the alleged debt." (ECF No. 30 ¶ 53.)

Because Smith does not assert facts for how each defendant violated § 1692g(b), Smith's "complaint [] fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008); *see also JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*, No. 10-21501-CIV, 2010 WL 2949573, at *2 (S.D. Fla. July 26, 2010); *Mao v. Glob. Tr. Mgmt., LLC*, No. 4:21cv65, 2022 WL 989012, at *2 (E.D. Va. Mar. 31, 2022). "Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Lampkin-Asam,* 261 F. App'x at 277 (quoting Fed. R. Civ. P. 8(a)(2)). Here, Smith's conclusory allegations that all defendants violated § 1692g(b) without the details of how they violated that provision fails to meet the pleading standard at this stage. The Court, therefore, will dismiss Smith's § 1692g(b) claims.

*g. 15 U.S.C. § 1692i*

Section 1692i is a venue provision explaining where a debt collector can bring a legal action on a debt. *See* 15 U.S.C. § 1692i(a); *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 479 (2019); *Williams v. Paramount Invs. LLC*, No. 2:21cv634, 2022 WL 3588028, at *2 n.2 (E.D. Va. Aug. 22, 2022). Smith asserts § 1692i claims against the Solodar Firm and Lenora Solodar, stating that those defendants had "no standing [to] sue as there were no injured parties." (ECF No. 30 ¶ 54.) Though unclear, Smith presumably means that the Solodar Firm and Lenora Solodar did not have standing to bring an unlawful detainer action in the General District Court. As a law firm appearing in litigation, neither the Solodar Firm nor Lenora Solodar needed standing; only their clients do. And if Smith wanted to contest venue, she should have done so during the unlawful

detainer action.  Smith cannot contest venue for the unlawful detainer action—a state action—in federal court, nor can she use this Court to overturn a judgment from that state court.  *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.")  The Court, therefore, will dismiss Smith's § 1692i claims.

### h. 15 U.S.C. § 1692j

Section § 1692j(a) states that "[i]t is illegal to . . . furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor . . . is participating in the collection of . . . a debt . . . when in fact such person is not so participating."  15 U.S.C. § 1692j(a).  Smith's revised second amended complaint seems to argue that the summons, (ECF No. 27-2, at 9–10, 13–14), and the letter from Lenora Solodar dated August 30, 2024, (ECF No. 27-2, at 17), "provided by [] all [d]fendant(s)" violated § 1692j(a) because they "gave [her] the false belief that the creditor is participating in the collection of the alleged debt when *such* creditor . . . is not engaged in the collection of the debt."  (ECF No. 30 ¶ 55.)  In particular, Smith alleges that Lenora Solodar's letter "[did] not obtain any verifiable evidence listing [Lamplighter Dr. and Chatham Heights] as the original creditor of [Smith's] consumer transaction."  (*Id.*)

Similar to the allegations under § 1692g(b), Smith's § 1692j allegations regarding "all [d]efendant(s)," (*id.*), "fail[] to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading," *Lampkin-Asam*, 261 F. App'x at 277.  Indeed, the only defendants involved in securing the summons and sending the August 30, 2024 letter were the Solodar Firm, Lenora Solodar, and David Solodar on behalf of their clients, Lamplighter Dr. and Chatham Heights.  Further, the summons lists Lamplighter Dr. and Chatham Heights as the plaintiffs of the

14

unlawful detainer action, and the August 30, 2024 letter identifies Smith's landlords (Lamplighter Dr. and Chatham Heights) as the creditors of the debt. (*See* ECF No. 27-2, at 9–10, 13–14, 17.) Smith does not plausibly allege, then, that the Solodar Firm, Lenora Solodar, and David Solodar furnished forms that would cause Smith to falsely believe that someone other than Lamplighter Dr. and Chatham Heights participated in collecting the debt when the forms they provided specifically alerted Smith to the identity of the creditors. The Court, therefore, will dismiss the claims under 15 U.S.C. § 1692j.

### i. 15 U.S.C. § 1692e

Section § 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section provides a non-exhaustive list of violations. *See id.* "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" *Russell v. Absolute Collection Servs. Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (quoting *United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). "The least-sophisticated-consumer test is an objective standard that evaluates § 1692e claims based upon how the least sophisticated consumer would interpret the allegedly offensive language." *Id.* at 394–95. "[I]f a statement would not mislead the unsophisticated consumer, then it does not violate the FDCPA—even if it is false in some technical sense. In other words, a statement cannot mislead unless it is material." *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 813, 818 (E.D. Va. 2014) (citing *Lembach v. Bierman*, 528 F. App'x 296, 303 (4th Cir. 2013)).

At the outset, Smith asserts that "all [d]efendant(s) have used deceptive, false, and misleading representations when communicating to [her] through any medium." (ECF No. 30

¶ 57.)  To the extent Smith generally alleges that all defendants violated various provisions of § 1692e without specific facts, the Court dismisses those claims for failure to state a claim as discussed above.[4]  The Court, therefore, will only address the remaining § 1692e claims below where Smith asserted specific facts against the Solodar Firm, Lenora Solodar, David Solodar, and Levco.

### i. *15 U.S.C. § 1692e(3)*

Section 1692e(3) prohibits debt collectors from falsely representing or implying "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. 1692e(3). Smith asserts that the Solodar Firm, Lenora Solodar, and David Solodar "[f]alsely represented that the communication provided [was] from an attorney when [these defendants] are debt collectors." (ECF No. 30 ¶ 57(c).)  Smith seems to misunderstand that attorneys can also act as debt collectors. *See Jerman v. Carlisle et al.*, 559 U.S. 573, 587 (2010) (discussing standards for attorney debt collectors versus non-attorney debt collectors).  Smith also argues that Lenora Solodar "acted as a witness," and that both Lenora and David Solodar "did not review the file to see if there were any obligations due to" Lamplighter Dr. and Chatham Heights. (ECF No. 30 ¶ 57(c).)  But she has not established how acting as a witness in the unlawful detainer action or not reviewing a file violates § 1692e(3).  The Court, therefore, will dismiss the § 1692e(3) claims against the Solodar Firm, Lenora Solodar, and David Solodar.

### ii. *15 U.S.C. § 1692e(10)*

Under § 1692e(10), "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates the FDCPA. 15 U.S.C.

---

[4] Accordingly, the Court dismisses Smith's claims against all defendants for violations of § 1692e(2)(a), § 1692e(4), § 1692e(5), § 1692e(7), § 1692e(9), and § 1692e(13).  (*See* ECF No. 30 ¶¶ 57(a), 57(d), 57(e), 57(f), 57(g), 57(m).)

§ 1692e(10).  Smith asserts that Levco, the Solodar Firm, Lenora Solodar, and David Solodar all made false representations or used deceptive means to collect the debt.

## The August 8 Notice

Smith asserts that Levco "created [a] deceptive form falsely representing that it had been 'hand delivered' on 'August 8, 2024' by 'Kama Stone' when they clearly gave it to [Smith] in electronic form." (ECF No. 30 ¶ 57(i); *see* ECF No. 27-2, at 32.)  Smith attaches proof that Levco sent that notice to Smith through an e-mail rather than hand-delivering it. (*See* ECF No. 27-2, at 31.)

Even applying the least sophisticated consumer test, Smith's allegations that Levco engaged in deceptive practices by saying that the August 8 notice had been hand delivered instead of sent through e-mail does not rise to the level of materiality that would "mislead the unsophisticated consumer" in an attempt to collect the debt.  *Fariasantos*, 2 F. Supp. at 818.  Rather, Levco's mistake is merely "false in some technical sense."  *Id.*  In other words, Levco's method of delivery and the corresponding misstatement on the August 8 notice does not violate the FDCPA.  The Court, then, will dismiss this claim against Levco.

## Unlawful Detainer Summons

Smith next alleges that the Solodar Firm violated § 1692e(10) when it signed the unlawful detainer summons stating that it had given all required notices to Smith and that the information contained in the summons was true and correct.  (*See* ECF No. 30 ¶ 57(j); ECF No. 27-2, at 13–14.)  In particular, Smith alleges that the Solodar Firm did not give her the required notices before filing the unlawful detainer and contends that she did not owe any obligations to Lamplighter Dr. or Chatham Heights.

17

To the extent Smith asserts that the Solodar Firm engaged in false or deceptive practices when it stated on the summons that Smith owed an obligation, the unlawful detainer action necessarily addressed whether an obligation existed. Lamplighter Dr. and Chatham Heights sued Smith in the General District Court through an unlawful detainer action to recover late rent, late fees, utilities, court courts, and attorney fees. (*See* ECF No. 27-2, at 13.) That court granted the unlawful detainer. (*See* ECF No. 30 ¶ 57(e).) Smith cannot now claim that no obligation existed, and, therefore, that the Solodar Firm acted deceptively in saying Smith owed an obligation. *See Megaro v. McCollum*, 66 F.4th 151, 159 (4th Cir. 2023) ("[C]ollateral estoppel . . . bars the re-litigation of specific issues that were actually determined in a prior action").

Additionally, Smith claims that the Solodar Firm made a false representation when it signed the unlawful detainer summons stating that it had given all required notices. Though unclear, Smith presumably means that the Solodar Firm did not give her sufficient notice under § 1962g(a) before filing the unlawful detainer, which she asserts was a required notice.

Although the FDCPA requires debt collectors to provide validation of a debt to the consumer within five days of an initial communication with the consumer, *see* 15 U.S.C. § 1692g(a), the FDCPA does not expressly require any notices that a plaintiff in an unlawful detainer case must provide to a defendant before filing the action. Virginia law, however, requires a landlord to provide a non-FDCPA notice to a tenant before filing an unlawful detainer action. *See* Va. Code Ann. § 55.1-1245(F). A "landlord may terminate the rental agreement and proceed to obtain possession of the premises" through an unlawful detainer if "rent is unpaid when due[] and the tenant fails to pay rent within five days after written notice is served on [the tenant]."[5] *Id.*;

---

[5] Smith attached such notice to her proposed second amended complaint. The July 8 notice states it is a "Notice from Owner" and discusses the requirements in Virginia Code § 55.1-1245(F). (ECF No. 27-2, at 16.)

*see Woodrock River Walk, LLC v. Rice*, 82 Va. App. 355, 364, 906 S.E.2d 682, 686 n.4 (Va. Ct. App. 2024) ("[W]hen a tenant has failed to pay, the landlord must issue a notice of failure to pay to the tenant and provide the tenant with a minimum of five days to pay or quit.")  The required notice referred to in the summons for unlawful detainer, then, does not refer to FDCPA notice, and thus, no FDCPA violation occurred.  Accordingly, the Court will dismiss Smith's § 1692e(10) allegations in paragraph 57(j)  against the Solodar Firm.

<u>Communications with the Solodar Firm</u>

Smith next argues that the Solodar Firm acted deceptively when it stated in its notice of debt that "[t]his notice pertains to your dealings with this firm as a debt collector."  (ECF No. 27-2, at 15.)  She asserts that the Solodar Firm "did not have any direct express written consent from [Smith] to communicate with [her], they do not have any communication from [her] soliciting any services to them," and that, "therefore[,] this statement is deceptive and false."  (ECF No. 30 ¶ 57(k).)  As explained above, § 1692c(a) does not prohibit a debt collector from contacting Smith without her prior written consent—it merely places limits on when communications can occur. *See* 15 U.S.C. § 1692c(a).  Additionally, even from the vantage of the least sophisticated consumer, the statement in the notice "would not mislead the unsophisticated consumer."  *Fariasantos*, 2 F. Supp. at 818.  The statement also is not material to the debt and Smith's obligation.  The Court, therefore, will dismiss this claim against the Solodar Firm.

*iii. 15 U.S.C. § 1692e(14)*

Section 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."  15 U.S.C. § 1692e(14).  Smith contends that the Solodar Firm violated this provision by filing "a civil action and affidavit in the name of [Lamplighter Dr. and Chatham Heights] as a 'landlord'[, and] then

stated that they were 'creditors' in their response dated August 30, 2024[,] which is false and misleading and has caused [Smith] to be confused as to their true name." (ECF No. 30 ¶ 57(o).) The summons for unlawful detainer shows that the Solodar Firm acted as the attorney for Lamplighter Dr. and Chatham Heights, the landlords in that action. (ECF No. 27-2, at 9.) The August 30, 2024 letter from Lenora Solodar states that "[y]our landlord is the original creditor . . . and our office provides legal services by agreement to the landlord for all its collection of delinquent rents." (*Id.* at 17.) The letter also informs Smith that "[t]his law office is a debt collector and is attempting to collect a debt." (*Id.*)

Objectively, even the least sophisticated consumer could not be misled by the fact that the Solodar Firm referred to Lamplighter Dr. and Chatham Heights as both the landlord and the creditor. Not only did Lenora Solodar explain in her August 30 letter that the landlord is also the creditor, the interchange of the use of the words "landlord" and "creditor" in various letters and communications in this matter is not a material instance to rise to the level of a deceptive practice. *See Fariasantos*, 2 F. Supp. at 818. It is also clear from the summons that the Solodar Firm merely represented Lamplighter Dr. and Chatham Heights in litigation, not that it used a deceptive name other than their own. Smith, then, fails to state a claim under § 1692e(14).

### B. VCPA Claims

Next, Smith asserts a state law VCPA claim against all defendants except for the Marston Agency. *See* Va. Code Ann. § 59.1-198. The VCPA defines a consumer transaction as "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes." *Id.* But the VCPA does not apply to "[a]ny aspect of a consumer transaction that is subject to the Virginia Residential Landlord and

20

Tenant Act . . . unless the act or practice of a landlord constitutes a misrepresentation or fraudulent act or practice." Va. Code Ann. § 59.1-199(5).

 As an initial matter, the Court cannot analyze the VCPA claims against the Solodar Firm, Lenora Solodar, David Solodar, or Levco because they do not qualify as "landlords." Although the VCPA does not define landlord, the Virginia Residential Landlord and Tenant Act does. A landlord "means the owner, lessor, or sublessor of the dwelling unit or the building of which such dwelling unit is a part. 'Landlord' also includes a managing agent of the premises who fails to disclose the name of such owner, lessor, or sublessor." *Id.* § 55.1-1200. Smith does not allege any facts that suggest the Solodar Firm, Lenora Solodar, or David Solodar meet this definition. Because she cannot sue any of the non-landlord defendants under the VCPA for her consumer transaction of renting an apartment, the Court will dismiss the VCPA claims against them.

 Additionally, Smith alleges that Levco acts as the property management company for Lamplighter Dr. and Chatham Heights. (*See* ECF No. ¶ 4.) Even taking that allegation as true, she does not allege that Levco failed "to disclose the name of [the] owner, lessor, or sublessor" of her apartment in order to make Levco, the property manager, liable as a landlord. Va. Code Ann. § 55.1-1200. Further, the lease that Smith attached to her proposed second amended complaint clearly states that the owners of the property are "4037 Lamplighter Drive LLC and 405 Chatham Heights MPO LLC" and the managers are "Levco Management LLC." (ECF No. 27-2, at 19; *see* ECF No. 30 ¶ 13.) The Court will therefore dismiss the VCPA claims against Levco because it does not satisfy the definition of a landlord. The Court will next address Smith's VCPA claims against the remaining landlord defendants, Lamplighter Dr. and Chatham Heights.

21

### *Lamplighter Dr. and Chatham Heights*

The VCPA only covers landlord-tenant consumer transactions when "the act or practice of a landlord constitutes a misrepresentation or fraudulent act or practice under § 59.1-200." Va. Code Ann. § 59.1-199(5). Smith does not indicate which of the eighty-two prohibited practices from § 59.1-200 Lamplighter Dr. and Chatham Heights violated. Given her *pro se* status, however, the Court will assume that Smith alleges that the landlord defendants violated § 59.1-200(14), a catch-all provision that prohibits a landlord from "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

In her revised second amended complaint, Smith alleges that Lamplighter Dr. and Chatham Heights misrepresented and used deceptive practices in a variety of ways mostly pertaining to the language of the lease. To plausibly allege common law misrepresentation and deception (otherwise known as actual fraud), Smith must show "(1) false misrepresentation, (2) of a material fact, (3) intentionally and knowingly made, (4) with the intent to mislead, (5) reliance by the party misled, and (6) resulting in damage to the party misled." *Langmaid v. Lee*, 86 Va. Cir. 118, 2013 WL 8282913, at \*6 (Va. Cir. Ct. 2013); *see Guy v. Tidewater Inc. Prop.*, 1996 WL 33465397, at \*3 (Va. Cir. Ct. 1996) (addressing a VCPA claim of misrepresentation against a landlord.) Smith does not allege any facts supporting the conclusion that Lamplighter Dr. and Chatham Heights intentionally and knowingly made false misrepresentations with the intent to mislead Smith. Smith, therefore, fails to state a VCPA claim against Lamplighter Dr. and Chatham Heights, and the Court will dismiss those claims.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, even upon initial review of Smith's revised second amended complaint, Smith fails to state a claim for many of her causes of action. Specifically,

Smith cannot sue Lamplighter Dr., Chatham Heights, and the Marston Agency under the FDCPA because those defendants are not debt collectors. The Court will, therefore, dismiss the FDCPA claims against those defendants. Because no claims remain against the Marston Agency, the Court will dismiss it from the case. And, with four exceptions, Smith has failed to sufficiently allege that Levco, the Solodar Firm, Lenora Solodar, and David Solodar violated the FDCPA. But upon review of Smith's allegations, the Court declines to dismiss four FDCPA claims at this stage: two FDCPA claims against Levo, (*see* ECF No. 30 ¶¶ 52, 57(h)), and two FDCPA claims against the Solodar Firm, Lenora Solodar, and David Solodar,[6] (*see id.* ¶¶ 51, 57(l)).

Regarding Smith's VCPA state law claims, the Court will dismiss the VCPA claims against Levco, the Solodar Firm, Lenora Solodar, and David Solodar because those defendants are not landlords whom Smith can sue under the VCPA. Smith also fails to state a claim against Lamplighter Dr. and Chatham Heights under the VCPA, because she has not alleged all the required elements of misrepresentation and deception. Because no claims remain against Lamplighter Dr. and Chatham Heights, the Court will dismiss those defendants from the case.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Smith, the *pro se* plaintiff.

Date: 24 January, 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[6] To be clear, the Court takes no position on whether these claims would survive a motion to dismiss should the remaining defendants choose to file one in due course. Rather, the Court simply declines to dismiss these specific claims after weighing Smith's allegations against the very early stage of this initial review and the interest of justice. Levco, the Solodar Firm, Lenora Solodar, and David Solodar should therefore focus any responsive pleadings on these four remaining claims and need not address any claims the Court has already dismissed.