IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUSTICE MAYES SMITH,
          Plaintiff,

v.                                                    Civil Action No. 3:24cv580

LENORA H. SOLODAR, et al.,
          Defendants.

## OPINION

Justice Mayes Smith, the *pro se* plaintiff, filed this case against various defendants[1] for actions they took when she failed to pay her rent on time. Because Smith proceeded *in forma pauperis*, the Court conducted an initial review of the merits of Smith's claims under 28 U.S.C. § 1915(e)(2). It issued a January 24, 2025 Opinion and Order that dismissed many of Smith's Fair Debt Collection Practices Act ("FDCPA") claims and all of her Virginia Consumer Protection Act ("VCPA") claims for failure to state a claim. *See* 28 U.S.C. 1915(e)(2)(B)(ii). As a result, the Court also dismissed three defendants from the case: Lamplighter Dr., Chatham Heights, and the Marston Agency.

Following the Court's January 24, 2025 Opinion and Order, four of Smith's FDCPA claims remained: (1) Smith's 15 U.S.C. § 1692g(a) claim against Levco asserted in ¶ 52 of the revised second amended complaint; (2) Smith's 15 U.S.C. § 1692e(10) claim against Levco asserted in ¶ 57(h) of the revised second amended complaint; (3) Smith's 15 U.S.C. § 1692g(a) claim asserted

---

[1] Specifically, Smith sued seven entities and individuals involved in the debt collection process and subsequent unlawful detainer case against her: 4037 Lamplighter Dr, LLC, ("Lamplighter Dr."); 405 Chatham Heights MPO, LLC, ("Chatham Heights"); The Marston Agency, Inc. ("the Marston Agency"); Solodar & Solodar ("the Solodar Firm"); Lenora H. Solodar, Esq., ("Lenora Solodar"); David Solodar, Esq., ("David Solodar"); and Levco Management, LLC ("Levco").

in ¶ 51 of the revised second amended complaint against the Solodar Firm, Lenora Solodar, and David Solodar ("the Solodar Parties"); and (4) Smith's 15 U.S.C. § 1692e(10) claim asserted in ¶ 57(l) of the revised second amended complaint against the Solodar Parties.

Levco and the Solodar Parties filed separate motions to dismiss for failure to state a claim. Because Levco is not a debt collector under the FDCPA, Smith's FDCPA claims against it fail. Additionally, the Solodar Parties did not violate § 1692e(10) nor § 1692g(a). Accordingly, the Court will grant both motions to dismiss.

Smith also filed three motions: (1) a motion for reconsideration of her 15 U.S.C. § 1692j(a) claim against Levco; (2) a motion for leave to file a surreply to the Solodar Parties' reply brief; and (3) a motion for summary judgment against the Solodar Parties. For the same reasons that the Court dismisses the other FDCPA claims against Levco, the Court will deny Smith's motion for reconsideration, because Smith cannot bring an FDCPA claim against a non-debt collector. And because the Court dismisses Smith's FDCPA claims against the Solodar Parties, Smith cannot succeed on summary judgment. The Court will, accordingly, deny that motion. But, because Smith proceeds *pro se*, the Court will grant leave to file a surreply, and has considered the surreply in deciding the case.

## I. FACTUAL ALLEGATIONS[2]

The facts of this case have not changed since the Court recited them in its January 24, 2025 Opinion. On April 8, 2024, Smith signed a lease to rent an apartment from Lamplighter Dr. and

---

[2] In determining whether Smith's revised second amended complaint sufficiently states a claim, the Court considers both her factual allegations within that complaint as well as the exhibits attached to her previous proposed second amended complaint. (*See* ECF No. 27). Though the revised second amended complaint serves as the operative complaint in this matter and Smith failed to attach any exhibits to that complaint, Smith refers to and relies on the exhibits she previously attached to the proposed second amended complaint to support the assertions in her revised second amended complaint. She also filed an additional document after filing her revised

2

Chatham Heights. (ECF No. 30 ¶ 12.) The lease listed Levco as the property management company. (*Id.* ¶ 13.) Smith insists that, "[a]t the time of entering this lease, no one provided meaningful disclosures of the terms, clauses, or other provisions listed in the lease for [her] to be informed." (*Id.* ¶ 14.) On July 1, 2024, Smith failed to pay rent for July as obligated by the terms of the lease. (*See id.* ¶ 19; ECF No. 27-2, at 19.) From July 2 through July 10, 2024, Smith left Virginia to visit family for the Fourth of July holiday. (*Id.* ¶ 16.) On July 8, 2024, while Smith was out of town, Kama Stone, a representative of Levco, delivered a notice for failure to pay rent. (ECF No. 27-2, at 16; *see* ECF No. 30 ¶¶ 57(h), 57(n).) The notice stated that Smith failed to pay rent and warned her that, if she did not pay rent, late fees, and all other charges due within five days of the notice, Lamplighter Dr. would terminate her lease and "pursue all rights and remedies," including "the filing of an eviction lawsuit." (ECF No. 27-2, at 16.)

On July 19, 2024, Smith logged into her payment portal and saw $62 in court costs and $150 in attorneys' fees added to her account. (ECF No. 30 ¶¶ 17, 19.) She e-mailed Lamplighter Dr. and Chatham Heights to tell them that she "was confused about the fees and did not receive any notice of an action being filed." (*Id.* ¶ 17.) The next day, July 20, 2024, Smith paid her July

---

second amended complaint, stating that "[a]ll exhibits filed on November 12, 2024 [are] referenced in the revised second amended complaint." (ECF No. 31.)

In the interest of justice, the Court will consider the exhibits from the proposed second amended complaint that Smith refers to in the revised second amended complaint, which include her lease, (ECF No. 27-2, at 19–29), the summons of the unlawful detainer action, (ECF No. 27-2, at 9–10, 13–14), Smith's notice of dispute of the debt, (ECF No. 27-2, at 11), notices from Kama Stone of Lamplighter Dr., (ECF No. 27-2, at 16, 32), and the Solodar Firm, (ECF No. 27-2, at 15), a letter from Lenora Solodar to Smith, (ECF No. 27-2, at 17), and Smith's resident ledger, (ECF No. 27-2, at 18). Wherever Smith's factual allegations in her revised second amended complaint conflict with the exhibits that she refers to from her proposed second amended complaint, the exhibit prevails. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The Court declines to consider other exhibits that Smith attached to previous versions of complaints apart from ECF No. 27-2, or new exhibits attached to her opposition brief, (*see* ECF No. 47).

3

rent and "the only obligations [she] was aware of at that time, leaving an alleged debt of $62 in court cost[s], and $150 in attorney fees." (*Id.* ¶¶ 19, 23.) On July 21, 2024, Smith saw that no one had removed the court costs and attorney fees from her account, and she contacted Levco to remove those fees. (*Id.* ¶ 21.)

On July 24, 2024, Lamplighter Dr. and Chatham Heights, through their attorneys, the Solodar Firm, filed an unlawful detainer against Smith for unpaid rent, late fees, utilities, court costs, and attorneys' fees. (*Id.* ¶ 27; ECF No. 27-2, at 9–10, 13–14.) On July 28, 2024, Smith received unspecified communications about the debt through the mail. (ECF No. 30 ¶ 28.) She then sent the Solodar Firm a notice of dispute on July 29, 2024, asking it to verify "proof of ownership of the alleged [debt]" and to produce "affidavit of fact of [] ownership of the alleged debt," the names of the individuals who gave the Solodar Firm consent to file the action, a copy of the lease, and copies of the required legal notices that it stated it had given Smith. (ECF No. 27-2, at 11; *see* ECF No. 30 ¶ 29.) The Solodar Firm did not receive Smith's notice of dispute until August 1, 2024. (ECF No. 30 ¶ 29.) On July 31, 2024, a process server from the Marston Agency posted the unlawful detainer summons on Smith's door, along with a "Notice" of the debt from the Solodar Firm, which "caused [Smith] to feel embarrassed." (ECF No. 30 ¶¶ 31, 36; ECF No. 27-2, at 13–14, 15.)

In August, Smith did not pay August rent, believing that federal law required her debt collector to stop pursuing a debt until Smith had obtained verification of the debt. (ECF No. 30 ¶ 32.) On August 8, 2024, Levco e-mailed Smith a notice of default for August rent. (ECF No. 27-2, at 31–32.) On August 14, 2024, Smith appeared at Chesterfield County General District Court (the "General District Court") for the unlawful detainer hearing. (ECF No. 30 ¶ 33; *see* ECF No. 27-2, 13–14.) Lenora Solodar represented Lamplighter Dr. and Chatham Heights. (ECF No.

30 ¶ 34.) Instead of proceeding that day, the General District Court scheduled a contested hearing for October 2, 2024. (*See id.* ¶ 37.) On September 3, 2024, Smith received a letter from Lenora Solodar dated August 30, 2024, which enclosed documentation of the debt, including the lease and addenda; a July 19, 2024 resident ledger; and notices of debt, including the July 8, 2024 notice from Kama Stone and a notice from the Solodar Firm that it originally sent to Smith when it mailed her a copy of the lawsuit. (*Id.* ¶ 36; ECF No. 27-2, at 17.)

On October 2, 2024, Smith appeared *pro se* at the contested unlawful detainer hearing, and David Solodar appeared on behalf of Lamplighter Dr. and Chatham Heights. (ECF No. 30 ¶ 37.) At the hearing, David Solodar provided Smith another copy of the documents Lenora Solodar had mailed to Smith on August 30, 2024. (*Id.* ¶ 37.) He also called an employee from Levco as a witness to testify to the debt, which Smith felt David Solodar did to "coerce payment of the alleged obligation from [Smith's] consumer transaction [that the witness] was not present for." (*Id.* ¶ 38.) Following the hearing, the General District Court granted the unlawful detainer. (*Id.* ¶ 57(e).) Smith asserts that these actions amounted to "willful abuse and illegal debt collection of all [d]efendant(s)" that caused Smith to "suffer[] . . . emotional distress, heart palpitations, loss of time, loss of sleep[,] and oppression." (*Id.* ¶ 40.)

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering the motion, the Court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591

F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a "document filed *pro se* is 'to be liberally construed'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1277.

### III. DISCUSSION[3]

"To state a claim pursuant to the FDCPA, a plaintiff must plausibly allege that (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the

---

[3] Among the various briefings surrounding the motions to dismiss, Smith filed a motion for leave to file a surreply to the Solodar Parties' reply brief. (ECF No. 50.) The Court has discretion to grant leave to file a surreply. *See* E.C. Va. Loc. Civ. R. 7(F)(1); *Dillard v. Kolongo*, No. 1:16cv1060, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017) ("Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply"). Here, the Solodar Parties did not raise new arguments in their reply that create an unfair disadvantage to Smith if the Court does not allow her to file her surreply. But, because Smith proceeds *pro se*, the Court will grant Smith's motion for leave to file a surreply, and has considered the surreply in its ruling in this case. (ECF No. 50.)

The only novel argument that Smith raises in her surreply asserts that the Solodar Parties failed to file an answer admitting or denying the facts in her revised second amended complaint.

defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Raja v. Specialized Loan Servicing, LLC*, No. 1:23cv736, 2024 WL 1201603, at *4 (E.D. Va. Mar. 20, 2024) (citing *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).

As the Court already explained in its January 24, 2025 Opinion, Smith has plausibly alleged that she "has been the object of collection activity arising from consumer debt" and that the Solodar Parties are debt collectors who regularly collect debts owed to another. *Id.*; *see* (ECF No. 39, at 6–7). Nothing in either of the parties' pleadings changes the Court's conclusions. The Court, therefore, will focus its analysis on the last two elements of Smith's FDCPA claims.

### 1. *Debt Collectors*

The second element of an FDCPA claim requires that each of the defendants acted as a debt collector as defined in the FDCPA. That statute defines a debt collector as "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 582 U.S. 79 (2017) (emphasis in the original); *see* 15 U.S.C. § 1692a(6). It excludes from the definition of debt collector a person attempting to collect a debt "incidental to a bona fide fiduciary obligation" or a person collecting a debt if the debt "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(i), (iii). A property management company "is not a debt collector where it becomes responsible for collecting the subject debt before it was in default." *Fontell v. Hassett*, 574 F. App'x 278, 279 (4th Cir. 2014).

---

Because the Court has not denied the motion to dismiss, the Solodar Parties were not yet required to file an answer to Smith's revised second amended complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

Levco, the property management company for Smith's landlords, was certainly responsible for collecting on Smith's debt every month for her payment of rent, a debt which Levco obtained before Smith fell into default. (*See* ECF No. 27-2, at 19); *see Fontell*, 574 F. App'x at 279 ("[A] default generally does not occur immediately upon a debt becoming due"). Levco, therefore, is exempt from the FDCPA's definition of a debt collector pursuant to 15 U.S.C. § 1692a(6)(F)(iii). The Court will accordingly dismiss it from the case.[4] But, as the Court opined in its January 24, 2025 Opinion, Smith plausibly alleged that the Solodar Parties are debt collectors who regularly collect debts owed to another. (*See* ECF No. 30 ¶¶ 5–7, 57(c); ECF No. 27-2, at 17; ECF No. 39, at 9.) The Court, therefore, will consider whether Smith plausibly alleged her two remaining FDCPA claims against the Solodar Parties.

### 2. *Violations of the FDCPA*

The third element of an FDCPA claim requires the plaintiff to show that the debt collector defendants violated a provision of the FDCPA. Following the January 24, 2025 Opinion and Order, and the discussion above, only two claims remain against the Solodar Parties: (1) Smith's 15 U.S.C. § 1692g(a) claim asserted in ¶ 51 of the revised second amended complaint; and (2) Smith's 15 U.S.C. § 1692e(10) claim asserted in ¶ 57(l) of the revised second amended complaint.

#### a. *15 U.S.C. § 1692g(a)*

Section 1692g(a) mandates, in relevant part, that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication[,] . . . send the

---

[4] For the same reason, the Court will deny Smith's motion for reconsideration of her 15 U.S.C. § 1692j(a) claim against Levco.

consumer a written notice containing the amount of the debt [and] the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(1)–(2).[5] A "communication" includes "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2). But a "formal pleading" as part of a civil action "shall not be treated as an initial communication." *Id.* § 1692g(d).

Smith asserts that the Solodar Parties' notice of debt ("Notice") that Smith received with the unlawful detainer summons did not comply with § 1692g(a)'s requirements because "there [was] no amount of the debt, and there [was] no name of the creditor to whom the debt [was] owed." (ECF No. 30 ¶ 51.) Instead of those two required provisions appearing on the face of the Notice, the Notice directed Smith to the summons enclosed with the Notice, which "contain[ed] written notice to [Smith] of the amount of the debt, [and] the name of the creditor to whom the debt is owed." (ECF No. 27-2, at 15.)

As the parties both agree, a summons for an unlawful detainer action does not constitute an initial communication of a debt. *See* 15 U.S.C. § 1692g(d). The unlawful detainer summons to Smith, then, did not have to contain § 1692g(a)'s requirements. Additionally, because "legal pleadings no longer need to be preceded or accompanied by verification notices," the Solodar Parties did not have to send Smith the Notice before filing the unlawful detainer action. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). But, the Notice that accompanied the summons acted as an initial communication of the debt. 15 U.S.C.

---

[5] The notice must also inform the consumer (1) that the debt collector will assume that the debt is valid if the consumer does not dispute it in thirty days; (2) that the consumer may dispute the debt within thirty days of the notice and receive verification of the debt from the debt collector; and (3) that the debt collector will inform the consumer of a change in the name and address of the original creditor if the consumer files a written request within thirty days of receiving the notice. *See id.* § 1692g(a)(3)–(5). Smith does not dispute that she received this information from the Solodar Parties in the notice of debt that accompanied the summons.

§ 1692(a)(2) (a "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium"). Viewing the Notice and summons as a whole, the Solodar parties complied with § 1692g(a)'s requirements.

Congress enacted the FDCPA to "guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). In evaluating an FDCPA claim, the Court applies the "least sophisticated consumer test," which evaluates how the least sophisticated consumer, objectively, would perceive or understand the debt collector's action. *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 818 (E.D. Va. 2014); *see United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 136 (4th Cir. 1996). The Notice included three of § 1692g(a)'s five requirements on its face and clearly states that the other two requirements, the amount of the debt and the names of the creditors, are listed in the summons enclosed with the Notice. (*See* ECF No. 27-2, at 13–15.) The first page of the summons lists both the amount of the debt and the plaintiff creditors in the unlawful detainer action. Because "the least sophisticated debtor is not tied to the very last rung of the intelligence or sophistication ladder," the Solodar Parties did not violate § 1692g(a)'s provisions. *Fariasantos*, 2 F. Supp. 3d at 818 (internal citations omitted). Accordingly, the Court will dismiss Smith's § 1692g(a) claim.

### b. *15 U.S.C. § 1692e(10)*

Section § 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under § 1692e(10), "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates the FDCPA. 15 U.S.C. § 1692e(10). "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" *Russell v. Absolute*

*Collection Servs. Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (quoting *Nat'l Fin. Servs. Inc.*, 98 F.3d at 136).

Smith asserts that the Solodar Parties used "deceptive means to collect on the alleged debts . . . when they omitted the required Federal notice from the month of June, July and August in their civil action, and misrepresented that any notice was given in the month of June." (ECF No. 30 ¶ 57(l).) While unclear, the Court believes that Smith argues that she did not receive proper § 1692g(a) notice for those listed months prior to the filing of the unlawful detainer action, and so the executed summons which states "[a]ll required notices have been given" constitutes a misrepresentation. (ECF No. 27-2, at 13.) But the Court has already addressed that argument above and in its January 24, 2025 Opinion: no such federal notice is required before filing an unlawful detainer action. (*See* ECF No. 39, at 17–19.) The Court, therefore, will dismiss Smith's § 1692e(10) claim for failure to state a claim. Having no claims remaining, the Court will dismiss this case in its entirety.[6]

### III. CONCLUSION

For the reasons set forth above, Smith fails to state a claim for her remaining claims. The Court will grant Smith's motion to file a surreply to the Solodar Parties' response brief and has considered her arguments contained within. With respect to her claims, Smith cannot sue Levco under the FDCPA because it is not a debt collector. The Court, therefore, will grant Levco's motion to dismiss and will deny Smith's motion for reconsideration of her § 1692j(a) claim against Levco. Additionally, because the Solodar Parties did not violate the FDCPA, Smith fails to state a claim against the Solodar Parties. Accordingly, the Court will also grant the Solodar Parties'

---

[6] Because the Court will dismiss all of Smith's claims against the Solodar Parties, it will deny Smith's motion for summary judgment as moot.

motion to dismiss and deny Smith's motion for summary judgment. Because no claims remain, the Court will direct the Clerk to close this case.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Smith, the *pro se* plaintiff.

Date: 8 May 2025
Richmond, VA

/s/ 
John A. Gibney, Jr.
Senior United States District Judge